Provided to Suwannee
Correctional Institution on:

JUN 0 5 2024

for mailing, by:

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
## PENSACOLA   DIVISION

## CIVIL RIGHTS COMPLAINT FORM FOR
## PRO SE PRISONER LITIGANTS IN ACTIONS UNDER
## 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983

JULIO RODRIGUEZ RUIZ

Inmate ID Number: 443069

*(Write your full name and inmate ID number.)*

Case No.: 3:24cv 260-TKW-ZCB
*(To be filled in by the Clerk's Office)*

**v.**

BEAU ANTHONY ALDRIDGE

In His Individual Capacity
*(Write the full name of each Defendant who is being sued. If the names of all the Defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

**Jury Trial Requested?**
■ **YES**  □ **NO**

FILED USDC FLND PN
JUN 10 '24 PM 12:45

# I. PARTIES TO THIS COMPLAINT

## A. Plaintiff

Plaintiff's Name: _Julio Rodriguez Ruiz_   ID Number: _443069_

List all other names by which you have been known: _Luis CASANOVA, Luis GERALdo CASANOVA, JuLio CESAR RuIz RodRiGuEz._

Current Institution: _Suwannee Correctional Institution - Main Unit_

Address: _5964 U.S. Highway 90_

_Live Oak, Florida 32060-8694_

## B. Defendant(s)

State the name of the Defendant, whether an individual, government agency, organization, or corporation. For individual Defendants, identify the person's official position or job title, and mailing address. Indicate the capacity in which the Defendant is being sued. Do this for **each and every** Defendant:

1. Defendant's Name: _Beau Anthony Aldridge, MD_

   Official Position: _Medical Doctor - General Surgery_

   Employed at: _Baptist Hospital_

   Mailing Address: _1717 North E Street, Suite #205_

   _Pensacola, Florida 32501_

   ■ Sued in Individual Capacity   ☐ Sued in Official Capacity

2. Defendant's Name: _____

   Official Position: _____

   Employed at: _____

   Mailing Address: _____

   _____

   □ Sued in Individual Capacity      □ Sued in Official Capacity

3. Defendant's Name: _____

   Official Position: _____

   Employed at: _____

   Mailing Address: _____

   _____

   □ Sued in Individual Capacity      □ Sued in Official Capacity

   (*Provide this information for all additional Defendants in this case by attaching additional pages, as needed.*)

## II. BASIS FOR JURISDICTION UNDER 28 U.S.C. § 1331 or § 1346

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution" and federal law. Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

Are you bringing suit against (*check all that apply*):

☐ Federal Officials (*Bivens case*)    ■ State/Local Officials (*§ 1983 case*)

## III. PRISONER STATUS

Indicate your confined status:

☐ Pretrial Detainee          ☐ Civilly Committed Detainee

■ Convicted State Prisoner   ☐ Convicted Federal Prisoner

☐ Immigration Detainee       ☐ Other (*explain below*):

_____

_____

## IV. STATEMENT OF FACTS

Provide a short and plain statement of the ***facts*** showing why you are entitled

to relief. Describe how ***each*** Defendant was involved and what each Defendant

did, or did not do, in support of your claim. Identify when and where the events

took place, and state how each Defendant caused you harm or violated federal

law. Write each statement in short, numbered paragraphs, limited as far as

practicable to a single event or incident. ***Do not make legal arguments, quote***

***cases, cite statutes, or reference a memorandum.*** You may make copies of

page 6 if necessary to supply all the facts. Barring extraordinary circumstances,

no more than five (5) additional pages should be attached. Exhibits attached to

the complaint will count as part of your page limitation. Therefore, do not attach irrelevant or unnecessary exhibits. Facts not related to this same incident or issue must be addressed in a separate civil rights complaint.

## INTRODUCTION

This civil rights action is filed by Plaintiff, demanding trial by jury, for damages under 42 U.S.C. §1983, alleging deliberate indifference to Plaintiff's serious medical needs and reckless disregard and wanton infliction of substantial pain.

## JURISDICTION

1. This Court has jurisdiction over Plaintiff's claim under 42 U.S.C. §§ 1331 (1) and 1343.

## PARTIES

2. Plaintiff was incarcerated, at Blackwater River Correctional Facility ("Blackwater") first, then at the Reception Medical Center ("R.M.C."), and finally at the Northwest Florida Reception Center ("N.W.F.R.C."), during the events described herein.

3. Defendant, acting under color of state law, is sued in his individual capacity, and was employed at Baptist Hospital as a Medical Doctor - General Surgery during the events described herein.

**Statement of Facts Continued** (*Page 1 of 5 *)

## PLAINTIFF'S SERIOUS MEDICAL NEEDS

**1.** In 2005 Plaintiff underwent a hernia extraction surgery, where a sterilized hernia mesh was placed in his stomach and remained without complications.

**2.** Many years later a serious bacterial infection spread in Plaintiff's stomach, intestines, and hernia mesh site while he was a state prisoner at Blackwater in 2022.

**3.** A Blackwater physician, Dr. Luis Berrios, determined Plaintiff's infection warranted emergency transport to Baptist Hospital ("Baptist") on January 21, 2022.

**4.** At Baptist Defendant determined Plaintiff's infection was so serious that surgery was warranted that same day, involving a large incision cut below Plaintiff's navel.

**5.** Defendant assessing and diagnosing Plaintiff's infection as mandating Defendant to perform surgery on Plaintiff evinced the seriousness of Plaintiff's medical needs.

**6.** Defendant knew that Plaintiff's hernia mesh, being infected by bacteria, caused a second bacterial strain that would be painfully debillitating and interfere with Plaintiff's daily activities if Defendant failed to properly treat it.

## DEFENDANT'S DELIBERATE INDIFFERENCE

**7.** Dr. Berrios and/or other Blackwater medical staff prepared medical doc-

## IV.  STATEMENT OF FACTS, continued:    (Page 2 of 5 )

uments on Plaintiff's condition that Defendant had knowledge of, and with Defendant's own assessment he knew and should have known the seriousness of Plaintiff's infection, and that Plaintiff would suffer substantially if Defendant failed to properly extract and clean out the bacterial infection, and remove and replace the infected hernia mesh.

8.   Yet, even with that knowledge Defendant did not remove all the bacterial infection during the January 21, 2022 surgery and left the infected mesh inside.

9.   On January 21, 2022 Defendant discharged Plaintiff from Baptist, and Plaintiff stayed in Blackwater's infirmary for about five months undergoing wound care twice daily while the remaining bacterial infection worsened inside of Plaintiff.

10.   The infirmary nurse discovered an odorous liquid oozing from Plaintiff's surgical incision site that indicated the bacterial infection festered inside of Plaintiff, which Dr. Berrios proved by the results to the lab tests and X-rays he ordered on Plaintiff.

11.   Plaintiff's serious condition was evinced by Dr. Berrios prescribing him antibiotics.

12.   On June 9, 2022 Plaintiff returned to Baptist for a second surgery by Defendant who cut an incision on the right side of Plaintiff's navel, but who still did not remove and clean out all the bacterial infection, and still did not remove the infected mesh and replace it with a sterilized mesh, knowing this would cause Plaintiff great suffering.

13.   For the second time in surgery Defendant failed to provide adequate care to Plaintiff's serious medical needs, and discharged him from Baptist the same day.

14.   On June 9, 2022 Plaintiff returned to Blackwater's infirmary undergoing daily wound care and antibiotics until November 8, 2022 when Plaintiff's pain and infection worsened due to new bacteria arising from his June 9, 2022 surgery.

15.   As a result Dr. Berrios returned Plaintiff back to Baptist on November 8, 2022 where Defendant assessed him and determined that the seriousness of Plaintiff's infection warranted surgery by Defendant that same day; which included reopening the June 9, 2022 surgical incision and inserting a second hernia mesh, but not extracting the first bacterially-infected mesh. Defendant discharged Plaintiff that day.

16.   Defendant knew his failure to extract the first mesh would cause the second mesh to become infected as well and cause Plaintiff substantial pain, suffering.

## IV. STATEMENT OF FACTS, continued: (Page 3 of 5)

**17.** Before Defendant discharged Plaintiff from Baptist on November 8, 2022 he told Plaintiff he would remove the first infected mesh when Plaintiff returned in two weeks.

**18.** When Plaintiff returned to Baptist on November 28, 2022 Defendant did not remove either infected meshes, knowing his failures would cause Plaintiff more suffering.

**19.** As a result of Defendant's failures both hernia meshes remained bacterially-infected with two bacterias, causing Plaintiff substantial pain and suffering.

**20.** Defendant had reckless disregard for Plaintiff's serious medical needs, and by being deliberately indifferent to them he caused wanton infliction of pain to Plaintiff.

**21.** Had Defendant performed the first surgery properly on January 21, 2022 Plaintiff would not have suffered so much, for so long, with several unsuccessful surger-ies, disfigurement to his stomach with numerous large scars, health complications and physical discomfort: inability to eat or sleep normally, persistent diarreah and vomitting, loss of about 56 lbs. (about a third of Plaintiff's normal body weight!), physical weakness, blood in urine, large boils on Plaintiff's body, and interference with daily activities.

**22.** As a lay person without medical training Plaintiff was not certain and only suspected Defendant's actions and inactions could be basis of a prison grievance, es-pecially since Defendant told Plaintiff that he received proper medical treatment.

**23.** Plaintiff did advise Dr. Berrios of his suspicions and requested to be sent to R.M.C. for assessment by a different, independent general surgeon.

**24.** In December of 2022 Plaintiff transferred from Blackwater to R.M.C., and on August 10, 2023 Dr. Anand Gupta, MD, a general surgeon performed a four-hour surgery on Plaintiff at the Memorial Hospital, in Jacksonville, Florida.

**25.** Dr. Gupta's surgery rectified Defendant's failures in the three previous surgeries on Plaintiff, and included cleaning out all the bacterial infection and infected meshes, and inserting a sterilized replacement mesh.

**26.** Dr. Gupta also removed and repaired a section of Plaintiff's intestines that was ravished and damaged by the bacterial infection that Defendant left inside of Plaintiff

**27.** After Plaintiff's August 10, 2023 surgery Dr. Gupta told Plaintiff that De-fendant, by leaving the bacterially-infected meshes inside of Plaintiff for nearly one

## IV. STATEMENT OF FACTS, continued : (Page 4 of 5 )

year, destroyed Plaintiff's stomach, and was the proximate cause of Plaintiff's substantial pain and suffering. This included Plaintiff's serious emotional distress.

28. Dr. Gupta also told Plaintiff that his previous surgeries by Defendant were so ineffective that the antibiotics Plaintiff received for so long to fight the bacterial infection left by Defendant did not work anymore and destroyed much good bacteria also, causing large, painful boils to erupt on Plaintiff's body.

### DEFENDANT ACTED UNDER COLOR OF STATE LAW

29. Defendant acted under the color of state law even though he was not employed by the Florida Department of Corrections ("F.D.O.C.") as a permanent or contracted staff member.

30. From January 21, 2022 to November 28, 2022 Plaintiff was a state prisoner at Blackwater, which is not part of F.D.O.C., but is a private facility owned by GEO Corp.

31. F.D.O.C. has contracted GEO to provide state prisoners at Blackwater, including Plaintiff from January 2022 through November 2022, with proper medical care.

32. During period from January 21, 2022 to November 28, 2022 Blackwater contracted Baptist to provide outside hospital medical care to prisoners at Blackwater.

33. While Defendant was employed at Baptist he treated Plaintiff under the color of state law since Baptist was contracted by Blackwater and Blackwater was contracted by F.D.O.C. who delegated its constitutional obligation to Blackwater to provide Plaintiff with adequate medical care — which by extension was delegated to Defendant who was employed by contracted Baptist.

### PLAINTIFF'S EXHAUSTION OF ADMINISTRATIVE REMEDIES

34. At Blackwater Plaintiff suspected, but was not certain, facts to base a grievance on against Defendant. But suspicion cannot support a prison grievance.

35. At R.M.C. Dr. Gupta supplied Plaintiff with certain facts based on medical expertise that could support a grievance against Defendant.

36. But F.D.O.C. grievance process rule does not allow grievances to be filed

## IV.   STATEMENT OF FACTS, continued:  (Page 5 of 5)

at a prison that is not where the subject of the grievance is located.

**37.**   After R.M.C. transferred Plaintiff, en route to Blackwater, he filed grievance #'s: 110-2401-0083; 2401-110-006; 2401-110-038; and 110-2403-0001.

**38.**   Then, on March 4, 2024 Plaintiff filed grievance # 110-2403-0016 which was denied since Defendant didn't work at the prison, and Plaintiff was advised to reach out to the legal team (court) to elevate the complaint, in effect, advising him that the complaint was not grievable.

**39.**   On March 19, 2024 Plaintiff filed grievance # 2403-209-111 which was denied since Defendant 'does not work for F.D.O.C. as either a permanent or contracted staff member.'

**40.**   On April 4, 2024 Plaintiff filed final appeal grievance # 24-6-11451 that was returned without action on the misplaced basis that the complaint was time-barred in 2022 even though Plaintiff did not receive a medical doctor-proven factual basis from Dr. Gupta until August 10, 2023 but, as Plaintiff was advised in response to grievance # 110-2403-0016, the subject of the grievance (Defendant's failure to properly treat Plaintiff) could not be addressed since Defendant did not work at the prison. Plaintiff was not returned to Blackwater in 2022 in order to file a timely grievance.

**41.**   Regarding Plaintiff's claim against Defendant Plaintiff has exhausted all his administrative remedies via the prison grievance process, in so far as they were available to him.

### VERIFICATION

**42.**   I, Julio Rodriguez Ruiz hereby declare under the penalties of perjury that the facts herein were read to me, and that these facts are true and correct.

June 5, 2024
Date

Signature of Complainant
Julio Rodriguez Ruiz  D.C. # 443069

## V. STATEMENT OF CLAIMS

State what rights under the Constitution, laws, or treaties of the United States have been violated. Be specific. If more than one claim is asserted, number each separate claim and relate it to the facts alleged in Section IV. If more than one Defendant is named, indicate which claim is presented against which Defendant.

In 2022 while Plaintiff's serious medical needs were obvious to Defendant as important and worthy of treatment, and in 2022 while Defendant was contracted to treat Plaintiff under the color of state law, the actions and inactions of Defendant in 2022 in failing to treat Plaintiff's serious medical needs with reasonably

## VI. RELIEF REQUESTED

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes. If requesting money damages *(either actual or punitive damages)*, include the amount sought and explain the basis for the claims.

A. Award nominal damages in the amount of $1.00 against Defendant for violating Plaintiff's right.

B. Award compensatory damages in the amount of $350,000.00 against Defendant for the physical and emotional pain and suf-

## V. STATEMENT OF CLAIMS, continued:

adequate medical care at a level reasonably commensurate with modern medical science and of a quality acceptable within prudent professional standards tailored to Plaintiff's particular needs and based on medical considerations, were reckless and deliberately indifferent to Plaintiff's serious medical needs and which caused Plaintiff unnecessary and wanton infliction of substantial, chronic pain and suffering that interfered with Plaintiff's daily activities and disfigured him, in violation of the Eighth Amendment of the United States Constitution.

## VI. RELIEF REQUESTED, continued:

fering and disfigurement sustained as a result of his deliberate indifference to Plaintiff's serious medical needs.

C. Award punitive damages in the amount of $75,000.00 against Defendant for his reckless disregard for Plaintiff's constitutional right, and against Defendant's repeated wanton infliction of substantial pain to Plaintiff

D. Grant Plaintiff's demand for a trial by jury, and such other relief as it may appear Plaintiff is entitled, including all costs related to this case.

## VII.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust all available administrative remedies (*grievance procedures*) before bringing a case. 42 U.S.C. § 1997e(a). **ATTENTION:** *If you did not exhaust available remedies prior to filing this case, this case may be dismissed.* If the case is dismissed for failure to exhaust or for any reason, you will still be required to pay the full filing fee and the dismissal may count as a "strike" under 28 U.S.C. § 1915(g). Therefore, please consider whether you have fully exhausted your remedies before proceeding with this action.

## VIII.  PRIOR LITIGATION

*This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified.*

**ATTENTION:** *The "three strikes rule" of the PLRA bars a prisoner from bringing a case without full payment of the filing fee at the time of case initiation if the prisoner has "on three or more prior occasions, while*

*incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

A.  Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?

☐ YES    ■ NO

If "Yes," identify the case number, date of dismissal, and court for each case:

1. Date:_____Case #: _____

   Court: _____

   Reason: _____

2. Date:_____Case #: _____

   Court: _____

   Reason: _____

3. Date:_____Case #: _____

   Court: _____

   Reason: _____

*(If necessary, list additional cases on an attached page)*

B.  Have you filed other lawsuits or appeals in **state or federal court** dealing

with the same facts or issue involved in this case?

☐ YES ■ NO

If "Yes," identify the case number, parties, date filed, result (*if not still*

*pending*), name of judge, and court for each case (*if more than one*):

1.  Case #:_____Parties: _____

Court:_____Judge: _____

Date Filed:_____Dismissal Date (*if not pending*): _____

Reason: _____

2.  Case #:_____Parties: _____

Court:_____Judge: _____

Date Filed:_____Dismissal Date (*if not pending*): _____

Reason: _____

*(If necessary, list additional cases on an attached page)*

C.  Have you filed any other lawsuit, habeas corpus petition, or appeal in

**state or federal court** either challenging your conviction or  relating to

the conditions of your confinement?.

■ YES    ☐ NO

If "Yes," identify all lawsuits, petitions and appeals:

1. Case #: _F04-36906_   Parties: _State v. Julio Rodriguez Ruiz_

   Court: _11th Judicial Circuit Ct._ Judge: _Yvonne Colodny_

   Date Filed: _7-13-2009_ Dismissal Date (*if not pending*): _5-27-2010_

   Reason: _Post-Conviction Motion Denied after review of witnesses, court files._

2. Case #: _____ Parties: _____

   Court: _____ Judge: _____

   Date Filed: _____ Dismissal Date (*if not pending*): _____

   Reason: _____

3. Case #: _____ Parties: _____

   Court: _____ Judge: _____

   Date Filed: _____ Dismissal Date (*if not pending*): _____

   Reason: _____

4. Case #: _____ Parties: _____

   Court: _____ Judge: _____

   Date Filed: _____ Dismissal Date (*if not pending*): _____

   Reason: _____

5. Case #: _____ Parties: _____

   Court: _____ Judge: _____

   Date Filed: _____ Dismissal Date (*if not pending*): _____

   Reason: _____

6. Case #:_____Parties: _____

Court:_____Judge: _____

Date Filed:_____Dismissal Date (*if not pending*): _____

Reason: _____

**(*Attach additional pages as necessary to list all cases.*)**

## IX. CERTIFICATION

1. I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct.


2. Additionally, as required by Federal Rule of Civil Procedure 11, I certify that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non- frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

3. I understand it is my obligation to timely notify the Clerk's Office if there
is any change to my mailing address and that my failure to do so may result
in a dismissal of the action.

Date: 6/5/2024  Plaintiff's Signature: _Julio R. Ruiz_____

Printed Name of Plaintiff: _Julio Rodriguez Ruiz  D.C. # 443069_

Correctional Institution: _Suwannee Correctional Institution - Main Unit_

Address: _5964  U.S. Highway 90_____

_Live Oak, Florida  32060-8694_____

**I certify and declare, under penalty of perjury, that this complaint was**
**(*check one*) ■ delivered to prison officials for mailing or ☐ deposited in**
**the prison's mail system for mailing on the _5th_ day of _June_, 2024.**

Signature of Incarcerated Plaintiff: _Julio R. Ruiz_____

Mr. Julio Rodriguez Ruiz D.C.# 443069
Suwannee Correctional Institution— Main Unit
5964 U.S. Highway 90
Live Oak, Florida 32060-8694.

Mailed From State
Correctional
Institution
Suwanee C.I

US POSTAGE▪PITNEY BOWES

ZIP 32060    $ 002.35⁰
02 4W
0000380318 JUN 05. 2024

To: The U.S. District Court
Northern District of Florida
1 North Palafox Street
Pensacola, Florida 32502-5658.

JUN 1 0 2024

" LEGAL MAIL "

LEGAL MAIL.