UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JULIO RODRIGUEZ RUIZ,
 Plaintiff,

vs.         Case No.: 3:24cv260/TKW/ZCB

BEAU ANTHONY ALDRIDGE,
 Defendant.

          /

## **ORDER**

This matter came before the Court on January 29, 2026, for a hearing on Plaintiff's motion for default judgment, Defendant's motion to dismiss, and Plaintiff's motion to compel. (Docs. 45, 49, 56). For the reasons discussed below, the Court will quash service of process and set aside the Clerk's entry of default against Defendant. The Court will deny Plaintiff's motion for default judgment as moot. The Court will defer ruling on Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6) pending supplemental briefing. And the Court will deny Plaintiff's motion to compel.

1

## I.   Plaintiff's Motion for Default Judgment

Plaintiff filed a motion for default judgment. (Doc. 45). Defendant responded with a request to quash service of process, vacate the Clerk's entry of default, and deny Plaintiff's motion for default judgment. (Doc. 49 at 4-8, 17).

There is a two-step procedure for obtaining a default judgment under Rule 55(b)(2). *See* Fed. R. Civ. P. 55(a), (b). First, the Clerk of Court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Second, after receiving an entry of default, the party must apply for default judgment. *See* Fed. R. Civ. P. 55(b).

The Court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). Good cause is not a particularly high standard in the context of defaults because there is a "strong preference that cases be heard on the merits." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).

In this case, the Clerk entered a default on November 27, 2024. (Doc. 25).  Defendant argues the default should be set aside because he was not properly served with process.  (Doc. 49 at 4-8).  According to Defendant, a Deputy U.S. Marshal left the summons and complaint with a nurse at Defendant's workplace, which is not an authorized means of service under Fed. R. Civ. P. 4(e)(2) or Fla. Stat. § 48.031(1).  (*Id.*).

The question for the Court is whether Defendant has shown good cause for setting aside the entry of default on the basis that he was not properly served.  When answering that question, the Court applies a burden-shifting framework.  *Estes Express Lines v. Coverlex, Inc.*, No. 8:19-CV-467-CEH-AEP, 2021 WL 3712965, at *4 (M.D. Fla. Aug. 3, 2021), *adopted* 2021 WL 3709639 (M.D. Fla. Aug. 20, 2021) (explaining that "[w]hen a defendant challenges the validity of service of process ... courts effectively apply a burden-shifting framework.").

First, the defendant must describe with specificity how the service of process failed to meet the procedural requirements of Fed. R. Civ. P. 4. *Id.* (cleaned up).  "If the defendant successfully challenges service of process, the burden shifts to the plaintiff to set forth a prima facie case

3

of proper service." *Id.* A plaintiff generally satisfies this burden with a signed return of service, which constitutes prima facie evidence of valid service. *Udoinyion v. The Guardian Sec.*, 440 F. App'x 731, 735 (11th Cir. 2011). At that point, the burden shifts back to the defendant to demonstrate invalid service by "clear and convincing evidence." *Colite Int'l, Inc. v. Robert L. Lipton, Inc.*, No. 05-60046-CIV, 2005 WL 8154789, at *2 (S.D. Fla. July 20, 2005). When resolving this burden-shifting analysis, the Court may look to affidavits, depositions, and oral testimony submitted by the parties. *Estes Express Lines*, 2021 WL 3712965, at *4. The Court must draw reasonable inferences and construe conflicts in favor of the plaintiff unless the defendant rebuts service with clear and convincing proof. *Kammona v. Onteco Corp.*, 587 F. App'x 575, 579 (11th Cir. 2014).

Defendant has satisfied his initial burden of describing how the service of process failed to meet the procedural requirements of Fed. R. Civ. P. 4. Rule 4 says that service on an individual may be made by one of four ways:

1. Delivering a copy of the summons and complaint to the individual personally;

4

2. Leaving a copy of the summons and complaint at the individual's dwelling with someone of suitable age and discretion who resides there;

3. Delivering the summons and complaint to an agent authorized by appointment or by law to receive service of process; or

4. Under the law of the state in which the district court is located or where service is made.

Fed. R. Civ. P. 4(e)(2). Under Florida law, an individual may be served by delivering the summons and complaint to the defendant personally or by leaving it at the defendant's home with someone 15 years or older who lives there. Fla. Stat. § 48.031(1)(a).[1]

According to Defendant, service of process was deficient in this case because a Deputy U.S. Marshal left the summons and complaint with a nurse at Defendant's workplace, which is not an authorized means of service under Rule 4. This allegation satisfies Defendant's initial burden, so the burden shifts to Plaintiff to make a prima facie case of proper service.

Plaintiff has done that. Deputy Marshal Marc Gelfand filed a

---

[1] Florida law provides for substituted services in certain circumstances, but none of those apply here. Fla. Stat. § 48.031(2).

Process Receipt and Return stating he personally served Defendant Aldrige at his office at Baptist Hospital on October 26, 2024 at 10:45 a.m. (Doc. 20). This satisfies Plaintiff's burden of making a prima facie showing of proper service.

The burden now shifts back to Defendant to put forth clear and convincing evidence that he was not properly served. Defendant's counsel, Attorney Wiggins, submitted an affidavit stating that he followed up with Deputy Gelfand to find out the specifics of service on October 26, 2024. (Doc. 49-1). Deputy Gelfand provided written confirmation that he left the summons and complaint with a female nurse who works at Defendant Aldridge's office. (*Id.*). Defendant Aldridge also submitted his own affidavit stating he was not personally in his office on October 26, 2024, and he did not authorize or designate anyone to accept service of process on his behalf. (Doc. 49-2).

This evidence clearly and convincingly demonstrates that Defendant Aldridge was not properly served with process under Rule 4. So, the Court finds that Defendant has satisfied his burden for setting aside the default under Fed. R. Civ. P. 55(c). *See Thomas v. Bank of Am.,*

6

*N.A.*, 557 F. App'x 873, 875 (11th Cir. 2014) (finding good cause existed to set aside the entry of default because the person plaintiff served "was not authorized to accept service"). The Court additionally finds that Defendant Aldrige acted promptly after becoming aware of this lawsuit and the related default issue. And there is no prejudice to Plaintiff in setting aside the default. For these reasons, the Court will grant Defendant's request to quash service of process[2] and set aside the Clerk's entry of default entered on November 27, 2024 (Doc. 25).

Because the entry of default has now been set aside, the first step for Plaintiff's obtaining a default judgment is not satisfied and his motion for default judgment is moot. *See Mendoza v. Jones*, No. 4:18cv66/RH/CAS, 2018 WL 11593150, at *2-3 (N.D. Fla. Oct. 23, 2018) (magistrate judge's order granting defendant's motion to quash service of

---

[2] Defendant moved to dismiss under Rule 12(b)(5) for insufficient service of process. "Where service of process is insufficient, Rule 12(b)(5) authorizes district courts either to dismiss the complaint or to quash service." *Developers Surety & Indemnity Co. v. Italian Cast Stone, Inc.*, No. 8:16-cv-3491, 2017 WL 3113469, at *1 (M.D. Fla. May 5, 2017). Where "there is no prejudice and service can be accomplished, courts will generally quash service and allow the plaintiff to perfect service." *Id.* Here, the Court believes there has been no prejudice. Accordingly, the Court will quash service instead of dismissing under Rule 12(b)(5).

process and to set aside Clerk's default, and denying plaintiff's motion for default judgment as moot); *Rowland v. Conyers*, No. 4:10cv64/RH/GRJ, 2012 WL 302444, at *2-3 (N.D. Fla. July 23, 2012) (same). For this reason, the Court will deny Plaintiff's motion for default judgment (Doc. 45) as moot.

During the discussion of the default issue at the hearing, Defendant's counsel agreed to file a waiver of service upon setting aside of the default and denial of Plaintiff's motion for default judgment. The Court will set a deadline for Defendant to file the waiver.

## II.    Defendant's Motion to Dismiss

Next up is Defendant's motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 49 at 8-17). Defendant argues that the allegations of the Complaint sound in medical malpractice and must be dismissed due to Plaintiff's failure to comply with Florida's pre-suit requirements in Fla. Stat. Chp. 766. (*Id.* at 8-14). Defendant alternatively argues that the allegations the Complaint fail to state a claim of deliberate indifference under the Eighth Amendment, therefore, relief is unavailable under § 1983. (*Id.* at 14-17). Plaintiff opposes

8

dismissal. (Doc. 62 at 6-8).

After Defendant filed the motion to dismiss, the United States Supreme Court issued its decision in *Berk v. Choy*, 607 U.S. —, 2026 WL 135974 (Jan. 20, 2026). That decision may impact Defendant's argument that dismissal of the case at the pleading stage is warranted because Plaintiff failed to satisfy Florida's pre-suit requirements. And the Court will provide the parties with an opportunity to study *Berk* and file a supplemental brief regarding its impact on the arguments made in Defendant's motion to dismiss.

## III.   Plaintiff's Motion to Compel

This leaves Plaintiff's motion to compel. Plaintiff seeks to compel Defendant's response to a request for production (RFP). (Doc. 56). Plaintiff states he served the RFP on Defendant's counsel on November 25, 2024. (Doc. 56 at 1). Plaintiff submitted a copy of the RFP as an attachment to his motion to compel. (*Id.* at 5-6).

Defendant opposes the motion to compel. (Docs. 60, 61). Defendant states he was not represented by counsel on November 25, 2024, and he never received an RFP from Plaintiff. Defendant states that upon

receiving Plaintiff's motion to compel with the attached RFP, he produced all documents responsive to the discovery request. (Doc. 60-1).

As Defendant correctly points out, Plaintiff's RFP does not include a certificate of service indicating that it was served on Defendant or Defendant's counsel before Plaintiff filed the motion to compel. (*see* Doc. 56 at 5-6). Indeed, Defendant was not even represented by counsel in November of 2024. Because the Court finds that Plaintiff did not properly serve Defendant or his counsel with the RFP, the Court will deny Plaintiff's motion to compel. (Doc. 56). Moreover, it appears the motion to compel is now moot because Defendant's counsel has provided Plaintiff with the materials requested.

Accordingly, it is **ORDERED**:

1. Defendant's request to quash service of process and set aside the Clerk's entry of default is **GRANTED**. The Clerk of Court must **SET ASIDE** the Clerk's Entry of Default (Doc. 25).

2. Plaintiff's motion for default judgment (Doc. 45) is **DENIED as moot**.

3. Defendant's waiver is service is due on **February 6, 2026**.

10

4.      The Court **DEFERS** ruling on Defendant's motion to dismiss under Rule 12(b)(6) (Doc. 49) pending the filing of supplemental briefs on the impact of *Berk v. Choy*, 607 U.S. —, 2026 WL 135974 (Jan. 20, 2026). The briefing schedule is as follows:

      a.      Defendant's supplemental brief is due on **February 13, 2026**.

      b.      Plaintiff's supplemental brief is due on **February 27, 2026**.

5.      Plaintiff's motion to compel (Doc. 56) is **DENIED**.

**SO ORDERED** this 30th day of January 2026.

/s/ Zachary C. Bolitho

Zachary C. Bolitho
United States Magistrate Judge

11