UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JULIO RODRIGUEZ RUIZ,
    Plaintiff,

vs.                              Case No.: 3:24cv260/TKW/ZCB

BEAU ANTHONY ALDRIDGE,
    Defendant.

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff is a Florida prisoner proceeding *pro se* and *in forma pauperis* in this civil action. (Doc. 1). Defendant filed a motion to dismiss, and Plaintiff responded in opposition. (Docs. 49, 62). The Court held a hearing and deferred ruling on Defendant's motion until the parties had an opportunity to file supplemental briefs addressing the Supreme Court's recent decision in *Berk v. Choy*, 146 S. Ct. 546 (2026). (Docs. 66, 67). The supplemental briefs have now been filed. (Docs. 69, 75). For the reasons below, Defendant's motion to dismiss should be denied in part and granted in part.

1

## I.    Plaintiff's Factual Allegations[1]

Plaintiff's complaint names one Defendant, Dr. Beau Aldridge, a surgeon at Baptist Hospital.  (Doc. 1 at 1-2).  According to Plaintiff's allegations, Baptist Hospital entered into a contract to provide outside medical services to Florida Department of Corrections inmates housed at Blackwater River Correctional Facility.  (*Id.* at 9).

In 2005, Plaintiff had a hernia surgery that resulted in the insertion of hernia mesh.  In 2022, Plaintiff was incarcerated at Blackwater River when he contracted an infection that spread to his stomach and the hernia mesh.  (*Id.* at 6).  The prison physician ordered that Plaintiff be transported to Baptist Hospital for treatment on January 21, 2022.  (*Id.*). Once at Baptist Hospital, Plaintiff was examined by Defendant who determined surgery was necessary.  (*Id.*).

That same day, Defendant performed the surgery.  (*Id.*).  According to Plaintiff, Defendant knew that Plaintiff would experience substantial suffering if Defendant did not remove the hernia mesh, clean out the infection, and implant new mesh.  (*Id.* at 6-7).  Nonetheless, Plaintiff

---

[1] At the motion to dismiss stage, the Court accepts the allegations as true. *Gundy v. City of Jacksonville, Fla.*, 50 F.4th 60, 69 (11th Cir. 2022).

claims that Defendant did not clean out all the infection and did not remove and replace the mesh. (*Id.* at 7). Defendant instead left the infected mesh in place, even though he allegedly knew that failing to remove the mesh would cause Plaintiff to "suffer substantially[.]" (*Id.*). Plaintiff was discharged back to Blackwater River the same day as the surgery. (*Id.*).

Plaintiff spent the next five months or so in Blackwater River's infirmary. (*Id.* at 7). During his stay in the infirmary, prison medical staff noticed an odorous liquid oozing from the surgical site. (*Id.*). Lab tests and x-rays performed by the prison medical staff confirmed a bacterial infection. (*Id.*). The prison physician prescribed Plaintiff antibiotics to treat the infection. (*Id.*). Ultimately, the infection resulted in Plaintiff being transported back to Baptist Hospital on June 9, 2022, for a second surgery by Defendant. (*Id.*).

According to Plaintiff's allegations, during the second surgery Defendant again left in the infected hernia mesh. (*Id.*). Defendant allegedly did that, even though he knew it would cause Plaintiff additional suffering. (*Id.*). Defendant discharged Plaintiff back to Blackwater River the same day as the surgery. (*Id.*).

3

Once back at Blackwater River, Plaintiff developed another infection. (*Id.*). So, on November 8, 2022, the prison physician sent Plaintiff to Baptist Hospital for a third surgery by Defendant. (*Id.*). This time, Defendant allegedly inserted a second mesh. (*Id.*). But he still left in the infected first mesh, even though Defendant allegedly knew that this would result in the second mesh becoming infected and would cause Plaintiff more pain and suffering. (*Id.*).

After the third surgery, Defendant discharged Plaintiff back to Blackwater River. At the time of this discharge, Defendant allegedly told Plaintiff that he would remove the first mesh in two weeks. (*Id.* at 8). When Plaintiff returned to Baptist Hospital, however, Defendant did not remove the mesh as promised. (*Id.*). Instead, Defendant left the mesh inside Plaintiff, and he allegedly did so with knowledge that it "would cause Plaintiff more suffering." (*Id.*).

Plaintiff subsequently requested that the prison transfer him to the FDOC's Reception and Medical Center for evaluation and treatment. (*Id.*). That request was approved, and in December of 2022 Plaintiff was transferred to the Reception and Medical Center. (*Id.*). Plaintiff was then sent from the Reception and Medical Center to Memorial Hospital,

4

where he was operated on by Dr. Anand Gupta. (*Id.*). In a four-hour surgery on August 10, 2023, Dr. Gupta removed the infected mesh, cleaned the infected areas, removed and repaired a section of Plaintiff's intestines, and inserted a clean replacement mesh. (*Id.*). According to Plaintiff, Dr. Gupta said that Defendant's failure to remove the infected mesh caused Plaintiff's pain and suffering. (*Id.* at 8-9). Dr. Gupta also allegedly said that the three surgeries completed by Defendant were so ineffective that Plaintiff became resistant to antibiotics, which resulted in large, painful boils on his body. (*Id.* at 9).

According to the complaint, Defendant's conduct violated the Eighth Amendment. (*Id.* at 12). In terms of relief, Plaintiff seeks nominal, compensatory, and punitive damages. (*Id.* at 11-12).

## II.   Discussion

Defendant has moved to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docs. 49, 69). To survive dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). In addition to accepting all facts as true, at the motion to dismiss stage the

Court is also required to "draw all reasonable inferences in the plaintiff's favor." *Sebastian v. Ortiz*, 918 F.3d 1301, 1307 (11th Cir. 2019).  Because Plaintiff is proceeding *pro se*, the Court is required to "liberally construe[]" his claims and to hold him to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Defendant makes two arguments in favor of dismissal.  First, Defendant argues that Plaintiff's complaint should be construed as raising a medical malpractice claim, as opposed to an Eighth Amendment deliberate indifference claim.  And Defendant says that such a medical malpractice claim is subject to dismissal because Plaintiff failed to follow Florida's presuit requirements.  Second and alternatively, Defendant argues that if Plaintiff's claim is construed as raising a deliberate indifference claim, then it is subject to dismissal for failure to state a claim.

## A.

Turning to the first argument, Defendant asserts that although Plaintiff has styled his claim as an Eighth Amendment deliberate indifference claim it is actually a medical malpractice claim.  (Doc. 49 at

8-9). Defendant then argues that once properly construed as a medical malpractice claim, dismissal is appropriate because Plaintiff has failed to comply with the presuit requirements found in Chapter 766 of the Florida Statutes. (*Id.*). The Court disagrees with Defendant's assertion that Plaintiff has brought a medical malpractice claim instead of a deliberate indifference claim.

A review of the complaint reveals that Plaintiff has asserted an Eighth Amendment deliberate indifference claim and not a state medical malpractice claim. The introduction section of the complaint begins by stating that "this civil rights action is filed . . . under 42 U.S.C. § 1983, alleging deliberate indifference to Plaintiff's serious medical needs and reckless disregard and wanton infliction of substantial pain." (Doc. 1 at 5). Both the factual summary as well as the statement of claims also use the language of a deliberate indifference claim. For example, the complaint says Defendant acted with "reckless disregard," (*id.* at 8), it alleges a serious medical need (*id.* at 6), it alleges that Defendant acted with knowledge that his actions would cause pain and suffering to Plaintiff (*id.* at 7), it has a heading titled "deliberate indifference" (*id.* at 6), it states that Defendant's actions were "reckless and deliberately

7

indifferent to Plaintiff's serious medical needs" (*id.* at 12), it accuses Defendant of acting with "reckless disregard for Plaintiff's constitutional right" (*id.*), it specifically cites the Eighth Amendment (*id.*), and it contains an explanation as to why Defendant acted under color of state law—something that would not be required for a medical malpractice claim (*id.* at 9). Accordingly, the Court finds that Plaintiff has brought a deliberate indifference claim under the Eighth Amendment and not a state law medical malpractice claim.[2]

---

[2] In reaching this conclusion, the Court did not overlook the fact that in Plaintiff's response to the motion to dismiss he stated that his complaint "styled his claim as one under 1983 for deliberate indifference," and he requested that the Court "order the correction of medical malpractice-not deliberate indifference." (Doc. 62 at 7). That statement has no bearing on whether Plaintiff asserted a deliberate indifference claim in his complaint because a district court's "review on a motion to dismiss is limited to the four corners of the complaint." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (cleaned up). If Plaintiff wished to modify the claims raised in his complaint, then he would have had to file an amended complaint. He did not do so. Thus, the Court's decision on the motion to dismiss is based on the text of the allegations found in Plaintiff's complaint. *See Burgess v. Religious Tech. Center, Inc.*, 600 F. App'x 657, 665 (11th Cir. 2015) ("We repeatedly have held that plaintiffs cannot amend their complaint through a response to a motion to dismiss."). For what it is worth, the Court would note that in Plaintiff's supplemental response to the motion to dismiss he cited 42 U.S.C. § 1983 and referred to his claim as one of "deliberate indifference . . . caused by medical malpractice." (Doc. 75 at 2). It appears to the Court that Plaintiff—a *pro se* litigant, with little education, and limited English

**B.**

The Court will now discuss whether the deliberate indifference claim in Plaintiff's complaint has been plausibly alleged. The Eighth Amendment forbids the "inflict[ion]" of "cruel and unusual punishments." U.S. Const. amend. VIII. It is "cruel and unusual punishment" for prison officials to act with "deliberate indifference to serious medical needs of prisoners[.]" *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). That means prison officials are obligated to provide prisoners with "minimally adequate medical care[.]" *Harris v. Thigpen*, 941 F.2d 1495, 1504 (11th Cir. 1991).

A deliberate indifference claim requires the satisfaction of two prongs—one objective, one subjective. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). At the motion to dismiss stage, satisfying the objective prong requires a plaintiff to plausibly allege an "objectively serious medical need[.]" *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d

---

proficiency—at times has been imprecise in his terminology or has been confused by the nuances between different legal claims. And that, of course, is why *pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by attorneys. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

1257, 1266 (11th Cir. 2020) (cleaned up).  A medical need is objectively serious if it "has been diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention—that, if left unattended, poses a substantial risk of serious harm."  *Id.* (cleaned up).  To satisfy the subjective prong at the motion to dismiss stage, a plaintiff must plausibly allege that the defendant acted with "subjective recklessness as used in the criminal law." *Bayse v. Ward*, 147 F.4th 1304, 1311 (11th Cir. 2025). This means that the plaintiff must plausibly allege that "the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff." *Gantt v. Everett*, 162 F.4th 1107, 1111 (11th Cir. 2025).

Having closely examined the complaint, the Court finds that the allegations are sufficient to state a plausible Eighth Amendment deliberate indifference claim.  First, Plaintiff has plausibly alleged an objectively serious medical need.  According to the complaint, Plaintiff had a severe abdominal infection that required multiple surgeries, antibiotics, and extended stays in the prison infirmary.  The complaint further alleges that the infection and resulting surgeries caused Plaintiff

10

pain and discomfort.  These allegations are sufficient to plausibly allege an objectively serious medical need, which is the first requirement for a deliberate indifference claim.

Second, Plaintiff has plausibly alleged that Defendant acted with subjective recklessness.  In other words, the complaint has plausibly alleged that Defendant was aware that his conduct posed a substantial risk of serious harm to Plaintiff yet he undertook it anyway.  According to the complaint, Defendant knew that Plaintiff had a serious infection involving his hernia mesh. (Doc. 1 at 6-7).  Defendant also allegedly knew that Plaintiff would "suffer substantially" unless the area was cleaned and the infected mesh replaced with new sterilized mesh.  (*Id*.).  The complaint further alleges that despite having that knowledge, Defendant (on three separate occasions) left the infected mesh in place and did so "knowing this would cause Plaintiff great suffering."  (*Id*. at 7).

It is also alleged that Defendant promised to take the mesh out several weeks after the second surgery, but he failed to do so even though he knew "his failures would cause Plaintiff more suffering."  (*Id*. at 8).  And Plaintiff has specifically alleged that Defendant's conduct was undertaken with "reckless disregard" for Plaintiff's serious medical

needs. (*Id.* at 8). The complaint also alleges that—because Plaintiff continued to experience symptoms of infection despite the three surgeries performed by Defendant—he was transported to a different hospital for surgery by a different surgeon, Dr. Gupta. According to Plaintiff, Dr. Gupta removed the infected mesh, cleaned the area, and inserted new sterile mesh. Moreover, Dr. Gupta allegedly opined that Defendant's conduct caused Plaintiff to experience "substantial pain and suffering." (*Id.* at 8-9).

These allegations—accepted as true, construed liberally, and with all reasonable inferences drawn in Plaintiff's favor—are sufficient to "nudge" Plaintiff's deliberate indifference claim "across the line from conceivable to plausible." *Holland v. Carnival Corp.*, 50 F.4th 1088, 1093 (11th Cir. 2022). Discovery may show that what Plaintiff says happened did not actually happen, but for purposes of surviving a motion to dismiss Plaintiff's allegations are sufficient. Accordingly, Defendant's motion to dismiss Plaintiff's deliberate indifference claim should be denied.

## C.

Although the Court does not believe that Plaintiff asserted a medical malpractice claim in the complaint, to the extent the complaint

could be construed as raising both a deliberate indifference claim and a medical malpractice claim, the medical malpractice claim would be subject to dismissal. That is because Plaintiff has not alleged satisfaction of the presuit requirements for medical malpractice claims under Fla. Stat. § 766.106.

Under Florida law, before filing any medical malpractice claim a plaintiff must send the defendant a notice of intent to sue, along with a corroborating opinion by a medical expert. Fla. Stat. §§ 766.106, 766.203. These requirements are conditions precedent to filing a medical malpractice claim under Florida law. *See Curry v. Inch*, No. 4:18cv207, 2020 WL 1046819, at *1 (N.D. Fla. Mar. 4, 2020) ("Compliance with the presuit requirements is a condition precedent."). Rule 9(c) of the Federal Rules of Civil Procedure provides that a complaint must "allege generally that all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9(c).

Thus, in order to comply with Rule 9(c) in a Florida medical malpractice case brought in federal court, the complaint must "allege generally" that the plaintiff has satisfied "all conditions precedent." Fed. R. Civ. P. 9(c). This does not require the plaintiff to explain in detail how

13

the conditions were met, nor is the plaintiff required to submit evidence at the pleading stage to prove compliance with conditions precedent. Instead, a general statement of compliance is sufficient. *See Curry*, 2020 WL 1046819, at \*1 (explaining that plaintiff satisfied Rule 9(c) by generally alleging compliance with conditions precedent and noting that "[i]t may turn out" the plaintiff "has failed to comply with the Florida presuit conditions," but that is "not a decision that can be made" on a motion to dismiss because the complaint alleged general compliance); *see also Bobbin v. Corizon Health, Inc.*, No. 2:14cv158, 2014 WL 5474126, at \*6 (M.D. Fla. Oct. 29, 2014) (refusing to dismiss for failure to comply with Florida's presuit requirements because the plaintiff satisfied Rule 9(c) by alleging that she "has complied with all conditions precedent . . . .").

Here, Plaintiff has failed to "allege generally that all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9(c). His complaint says nothing about compliance with Florida's presuit requirements. As a result, Plaintiff's medical malpractice claim (assuming one has been pled in the complaint) is subject to dismissal for failure to allege compliance with conditions precedent as required by Rule 9(c). *See Fabing v. Gill*, No. 8:12cv2579, 2013 WL 704904, at \*2

14

(M.D. Fla. Feb. 26, 2013) (dismissing medical malpractice claim for failure to allege satisfaction of conditions precedent as required by Rule 9(c) where the complaint did not allege compliance with Florida's presuit requirements).

This conclusion is not inconsistent with the Supreme Court's recent decision in *Berk v. Choy*, 146 S. Ct. 546 (2026). The *Berk* Court held that Delaware's requirement that an affidavit of a physician be attached to a medical malpractice complaint violated Rule 8 of the Federal Rules of Civil Procedure. *Id.* at 554. According to *Berk*, under Rule 8 "allegations are sufficient, but under the Delaware law, the plaintiff needs evidence too" in the form of the attached affidavit. *Id.* The Court stressed that its decision was based on Rule 8, and it recognized that Rule 9 was different because it singled out certain matters "for special treatment[.]" *Id.* at 553.

As discussed above, one of the matters that Rule 9 has singled out for special treatment are claims that require "conditions precedent." With such claims, Rule 9(c) requires that compliance with the conditions precedent be alleged in the complaint. *Jackson v. Seaboard Coast Line R. Co.*, 678 F.2d 992, 1010 (11th Cir. 1982). It is well established that

15

Florida's presuit requirements are conditions precedent. *Curry*, 2020 WL 1046819, at *1. Thus, Rule 9(c)—not Rule 8 as in *Berk*—applies here. Moreover, the issue in *Berk* was whether a complaint could be dismissed for failing to submit an affidavit as required by Delaware law. That is not the issue here. Rather, the issue is whether Plaintiff's complaint has *alleged* compliance with conditions precedent as required by Rule 9(c). It has not. Accordingly, *Berk* is distinguishable and to the extent a medical malpractice claim has been asserted in the complaint, it should be dismissed.

### III. Conclusion

For the reasons above, the Court respectfully **RECOMMENDS** that:

(1) Defendant's motion to dismiss (Doc. 49) be **DENIED in part** to the extent that it seeks dismissal of Plaintiff's Eighth Amendment deliberate indifference claim;

16

(2) **GRANTED in part** to the extent that any state law medical malpractice claim asserted in the complaint be dismissed without prejudice[3]; and

(3) This matter be recommitted to the undersigned for further proceedings.

At Pensacola, Florida this 27th day of April 2026.

/s/ Zachary C. Bolitho
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to the proposed findings and recommendations set forth above must be filed within fourteen days of the date of this Report and Recommendation. Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

---

[3] If Plaintiff wishes to assert a state law medical malpractice claim in addition to his Eighth Amendment deliberate indifference claim, then he would need to file an amended complaint that asserts such a claim and alleges compliance with Florida's presuit requirements. Absent the filing of such an amended complaint, this case will go forward on Plaintiff's Eighth Amendment deliberate indifference claim.

17